## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly situated persons

      Plaintiff,

v.                                                                    Case No:   2:16-cv-143-FtM-38CM

KABBAGE, INC., LOANME, INC.
and JOHN DOES (1-10),

          Defendants/Third
          Party Plaintiffs

GULFCO LEASING, LLC and
GULFCO LEASING, LLC,

      Third Party Defendants.
_____/

## ORDER

      This matter comes before the Court upon review of the Motion to Temporarily Stay Action until the Automatic Bankruptcy Stay is Lifted as to Third-Party Defendant, Gulfco Leasing, LLC, by Defendants Kabbage, Inc., and LoanMe, Inc. (Doc. 58) filed on July 11, 2016.   Plaintiff opposes the requested relief.   Doc. 61.

      On February 18, 2016, Plaintiff filed a Complaint against several defendants including Kabbage, Inc. and LoanMe, Inc. ("Defendants").   Doc. 1.   Plaintiff alleges that Defendants engaged in practice of sending unsolicited fax advertisements to Plaintiff in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227.   Doc. 45 at 1 ¶¶ 1-2.   On

May 11, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for a Rule 23 motion for class certification to February 17, 2017, for Plaintiff's disclosure of expert reports to March 15, 2017, for Defendants' disclosure of expert reports to April 17, 2017, and for discovery to May 19, 2017, and a trial term of November 6, 2017.   Doc. 51.

On May 31, 2016, each Defendant filed an Answer as well as a Third-Party Complaint against Gulfco Leasing LLC ("Gulfco") for indemnification.   Docs. 53, 54. On June 16, 2016, Gulfco filed a voluntary petition for Chapter 7 bankruptcy with the United States Bankruptcy Court for the Northern District of Illinois.   *In re Gulfco Leasing*, No. 1:16-BK-19760 (Bankr. N.D. Ill. filed June 16, 2016). Defendants allege that the bankruptcy case triggered an automatic stay of Plaintiff's case filed directly against Gulfco with the United States District Court for the Northern District of Illinois, and of Defendants' third-party claims against Gulfco here.   Doc. 58 at 2-3.

Defendants argue that Gulfco, not Defendants, sent unsolicited faxes to Plaintiff.   *Id.* at 2.   Defendants assert that although Defendants contracted with Gulfco to generate business, Defendants did not authorize Gulfco's alleged dissemination of unsolicited faxes.   *Id.* at 3.   As a result, Defendants allege that Gulfco possesses information critical to this case.   *Id.*   Because of an automatic stay triggered by Gulfco's bankruptcy case, however, Defendants argue that they can neither effectuate service nor enforce requests for necessary documents on Gulfco. *Id.*   According to Defendants, Defendants will suffer substantial prejudice if this

matter proceeds without Gulfco's participation. *Id.* at 4. Defendants urges that this Court use its inherent power to temporarily stay this proceeding. *Id.* at 5. Plaintiff argues that Defendants can conduct a Rule 2004 Examination in Gulfco's bankruptcy action to obtain the necessary documents. Doc. 61 at 3.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255. "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Brent v. Source Interlink Distribution, LLC*, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Here, the Court finds convincing Defendants' argument that they need participation of Gulfco in order to address key issues in this matter. Doc. 58 at 6-7. Plaintiff does not rebut Defendants' assertion that the merits of each party's claims here depend on Gulfco's documents. *Id.* at 6; Doc. 61 at 2. Defendants claim that they do not know how, when, or to whom faxes at issue here were sent. Doc. 58 at 7. Because of their lack of knowledge, Defendants argue that they cannot even identify a specific person to answer Plaintiff's discovery requests. *Id.* In addition, the parties have until February and March 2017 to file a Rule 23 motion for class

certification and to disclose expert reports and May 19, 2017 to conduct discovery. Doc. 51.   Plaintiff does not argue that staying this matter at this early stage of the proceedings will unduly prejudice or tactically disadvantage it.   *See Brent*, 2014 WL 4162770, at *2.   Given Gulfco's inability to participate in this case and the CMSO deadlines, the Court finds that a temporary stay of this matter is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    The Motion to Temporarily Stay Action until the Automatic Bankruptcy Stay is Lifted as to Third-Party Defendant, Gulfco Leasing, LLC, by Defendants Kabbage, Inc., and LoanMe, Inc. (Doc. 58) is **GRANTED**.   This matter is **STAYED** until **December 16, 2016**.

2.     The Clerk is directed to add a stay flag to the case.

3.    The parties shall have up to and including **December 16, 2016** to file a status report on *In re Gulfco Leasing*, No. 1:16-BK-19760 (Bankr. N.D. Ill. filed June 16, 2016).

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record